State, ex rel. Southern Bank, v. Judge of Eighth District Court.

visional order. Any other interpretation of the law would do violence to the clear intention of the lawmaker and to justice.

It is therefore ordered that the mandamus be made peremptory, and that the prohibition be made perpetual.

HOWELL, J., *concurring.* I had entertained the opinion, formed after an examination of the articles of the Code of Practice on this subject, that the order for a provisional mandamus must issue from a court, and that, as one of the judges of this court is not the court, he was without adequate authority to issue the order in the absence of the other judges, or enough to constitute a quorum. And I had grave doubts, whether, under existing legislation, the court could act, even for this purpose, in vacation; but as cases of pressing necessity do arise, and I do not see that any serious inconvenience can result from the practice recognized in the present ruling, I yield my views to the more mature opinion of my brethren.

It is very properly inferred that, if a court has the power to issue a writ of mandamus, it is vested with the power to take all necessary incipient and preliminary steps to accomplish that end, at any time, if not contrary to express law, which it may deem requisite; and it may well be inferred that, as one of the judges in granting the preliminary order, acts in the name of the court, it may be considered the act of the court, until the court formally sets it aside. For this reason, and without expressing an opinion upon the question, as to whether or not the French text must prevail, I concur.

---

### No. 2830.—F. C. MAHAN v. SUNDRY DEFENDANTS.

The act number thirty-five, approved sixteenth of March, 1870, which appropriates two thousand dollars for the payment of costs in suits, where the State is a party, and loses the case, does not apply to the payment of costs in suits brought by tax collectors to enforce payment of taxes against delinquents. Therefore, the Auditor of Public Accounts is not authorized, nor can he be compelled, by mandamus, to warrant against this appropriation, in favor of a clerk of a district court for his costs that have accrued in suits brought by tax collectors, to enforce the payment of taxes due the State.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Breaux & Fenner,* for plaintiff and appellee. *Hornor & Benedict,* for defendants and appellants.

HOWELL, J. The State of Louisiana has appealed from a judgment ordering the Auditor to issue a warrant in favor of the clerk of the Fourth District Court for the parish of Orleans, on the State Treasurer, for $861 78, costs in certain suits, "payable out of the two thousand dollars appropriated by the General Assembly to pay costs in suits, where the State loses the case, per act number thirty-five, approved.

sixteenth March, 1870," which reads: "Appropriation to pay costs in suits, where the State loses the case, two thousand dollars ($2000), or so much thereof as may be necessary."

The facts are as follows: The State tax collector of the First District, city of New Orleans, filed various petitions in the Fourth District Court, asking for the appointment of a curator *ad hoc* to represent the parties severally named in the petitions as owners of property, in any proceedings which he *may institute* or acts done in the enforcement of the collection of the one per cent. tax assessed upon such property. This appointment was made and notice thereof given, after which the clerk took a rule on the collector, Auditor and Attorney General, to tax his costs in the said proceedings, and have a warrant issued for the same, which rule was amended in amount and made absolute.

It is contended in behalf of the State that the court *a qua* erred in directing a warrant to issue upon said fund, because the costs claimed were not embraced in said appropriation, the State not having lost the cases in which they accrued. That this appropriation was not intended to cover costs in such proceedings seems to us manifest. These were proceedings instituted by only one of the many tax collectors in the State, and the amount ($1355) claimed by this clerk alone, would absorb more than half, and the sum allowed is nearly half of the whole appropriation. It is presumable the Legislature would have fixed an amount more nearly proportioned to the costs which must necessarily be incurred in tax suits. But more than this, these can not, in the sense of the act quoted, be considered cases lost by the State. They seem to be yet pending, and the law authorizing the collection of court costs every six months can not be enforced against the State, because the State can not be sued. The State is, doubtless, responsible for all costs legally incurred in its behalf, but the mode of paying them is to be provided by the Legislature. The appropriation in question is not, in our opinion, the provision made for the payment of the costs claimed in this proceeding. If the statute authorizing the suits or proceedings in which they accrued does not provide for their payment, or some other special statute, the clerk took the risk of the Legislature's providing for them when applied to. The Auditor can warrant upon funds only as authorized by law.

It is therefore ordered that so much of the judgment appealed from as directs the State Auditor to issue a warrant in favor of the clerk of the Fourth District Court, for the parish of Orleans, for $861 78, payable out of the appropriation of $2000, made by act number thirty-five, approved sixteenth of March, 1870, be reversed and annulled, with costs of appeal.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.